People v Wong (2019 NY Slip Op 05485)





People v Wong


2019 NY Slip Op 05485


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


9828 4776/14

[*1]The People of the State of New York, Respondent,
v
Jeffrey Wong, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Allen Fallek of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered November 30, 2015, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The court providently exercised its discretion when it announced that it would grant the People an adjournment to allow for a psychiatric examination of defendant (see generally People v Diaz, 15 NY3d 40, 47 [2010]), and in giving the statutory adverse inference instruction against defendant based on his refusal to be examined (see CPL 250.10[5]). The prosecutor inadvertently overlooked the statement of notice of an extreme emotional disturbance defense contained in defendant's omnibus motion, and immediately requested an adjournment for examination after becoming aware of the omission 10 months later during a court appearance shortly before the scheduled start of the trial. The statutory provision under which the People may apply to have a defendant examined by their own psychiatrist (CPL 250.10[3]) contains no time limit. Furthermore, defendant has not established that he was prejudiced by the court's ruling. We note that the trial was not actually adjourned, and that, in his direct testimony, defendant explained his reason for refusing to be examined, which had nothing to do with the untimeliness of the People's request for an examination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK